Michael Fuller, OSB No. 09357
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

Of Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**DANA LEONARD POPICK**<br>**KIMBERLY CAE POPICK**<br><br>Debtors<br><br>**DANA LEONARD POPICK**<br>**KIMBERLY CAE POPICK**<br><br>Plaintiffs<br><br>vs<br><br>**WARREN J. HEATER**<br><br>Defendant | Case No. 18-32608-tmb7<br><br>Adv. Proc. No.<br><br>**COMPLAINT** |

**COMPLAINT** – Page 1 of 5

**1.**

**JURISDICTION AND THE PARTIES**

This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11.

**2.**

Plaintiffs are individuals residing in Oregon who filed bankruptcy under Chapter 7 of Title 11 in Oregon on July 26, 2018 in case number 18-32608-tmb7.

**3.**

Defendant is plaintiffs' creditor.

**4.**

Plaintiffs' automatic stay claim is a core proceeding under 28 U.S.C. § 157 and plaintiffs consent to entry of final orders and judgments by the Oregon Bankruptcy Court in this adversary proceeding. This complaint's allegations are based on personal knowledge as to plaintiffs' behavior and made on information and belief as to the behavior of others.

**5.**

**FACTUAL ALLEGATIONS**

Plaintiffs allegedly owed defendant debt on a claim incurred before filing bankruptcy. Defendant received actual knowledge of the automatic stay in plaintiffs' bankruptcy case verbally and in writing.

**6.**

After having actual knowledge of the automatic stay in plaintiffs' bankruptcy case, defendant failed to dismiss a judicial proceeding (Case No. 18-2-05340-8 in the Superior Court of the State of Washington for the County of Clark) against plaintiffs that was commenced before plaintiffs filed bankruptcy. Defendant failed to dismiss the proceeding even after entry of the discharge order in plaintiffs' bankruptcy case. As recently as January 21, 2020 defendant filed and served plaintiffs with a citation in Case No. 18-2-05340-8.

**7.**

Defendant's behavior as alleged in this complaint caused plaintiffs severe ongoing emotional and mental harm including frustration and stress and interference with daily life activities, separate from the normal bankruptcy process.

# 8.

## CAUSE OF ACTION

## 11 U.S.C. § 362(k)

Ninth Circuit case law is clear: "the maintenance of an active collection action alone adequately satisfies the statutory prohibition against continuation of judicial actions." *Eskanos Adler v Leetin*, 309 F3d 1210, 1215 (9th Cir 2002). "Active state filings" (i.e., proceedings that are not dismissed) "exist as more than placeholders – the risk of default judgment looms throughout" and counsel must be engaged to defend against such a risk. *Id.* at 1214. Creditors alone, not debtors, have the responsibility to dismiss proceedings against debtors upon receiving notice of the automatic stay. *Schwartz v. United States (In re Schwartz)*, 954 F2d 569, 572 (9th Cir. 1992). ("The Bankruptcy Code does not burden the debtor with a duty to take additional steps to secure the benefit of the automatic stay.") Defendant's violation of 11 U.S.C. § 362(a) as alleged in this complaint was "willful" as that term is defined in the Ninth Circuit because his acts and omissions were intentional, he had prior actual knowledge of the automatic stay and any alleged mistake of law was not a defense.

**9.**

Under 11 U.S.C. § 362(k), plaintiffs are entitled to compensation for actual damages and punitive damages and reasonable attorney fees and costs from defendant in amounts to be decided by the Court.

**10.**

**PRAYER FOR RELIEF**

After a stipulation or determination that defendant willfully violated the automatic stay, plaintiffs seek relief as described in paragraph 9, and any equitable relief this Court may determine is fair.

To the extent discovery reveals that defendant failed to dismiss his state court proceeding after entry of the discharge order, plaintiffs reserve the right to file a separate motion for contempt in the bankruptcy main case.

January 22, 2020

                                                **RESPECTFULLY FILED,**

                                                /s/ Michael Fuller
                                                **Michael Fuller, OSB No. 09357**
                                                Of Attorneys for Plaintiffs
                                                OlsenDaines
                                                US Bancorp Tower
                                                111 SW 5th Ave., Suite 3150
                                                Portland, Oregon 97204
                                                michael@underdoglawyer.com
                                                Direct 503-222-2000

**COMPLAINT** – Page 5 of 5